NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO J.L. AND J.L.

No. 1 CA-JV 22-0197
FILED 1-17-2023

---

Appeal from the Superior Court in Maricopa County
No. JD39232
The Honorable Suzanne Scheiner Marwil, Judge

**AFFIRMED**

---

COUNSEL

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

The Huff Law Firm, PLLC, Tucson
By Laura J. Huff, Daniel R. Huff
*Co-Counsel for Appellee Department of Child Safety*

Arizona Attorney General's Office, Phoenix
By Emily M. Stokes
*Co-Counsel for Appellee Department of Child Safety*

Denise L. Carroll Attorney at Law, Scottsdale
By Denise L. Carroll
*Counsel for Appellees J.L. and J.L.*

---

**MEMORANDUM DECISION**

---

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Angela K. Paton and Judge Peter B. Swann[1] joined.

---

**C R U Z**, Judge:

¶1 Eric L. ("Father") appeals the superior court's order terminating his parental rights to his children. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY[2]**

¶2 As relevant here, Father and Sherry S. ("Mother[3]") had two children, J.L., born in 2007, and J.L., born in 2009. Father has abused alcohol on and off since he was eight years old. In March 2020, the Department of Child Safety ("DCS") took custody of the children and petitioned for a dependency because Mother was abusing alcohol and had allegedly abused one of the children.

¶3 At that time, Father was attending an intensive outpatient substance-abuse and mental-health treatment program and was unable to

---

[1] Judge Peter B. Swann was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective November 28, 2022. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to Arizona Revised Statutes ("A.R.S.") section 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Swann as a *judge pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and the period during which his vacancy remains open and for the duration of Administrative Order 2022-162.

[2] "We review an order terminating a parent's relationship with his or her child . . . in the light most favorable to sustaining the superior court's ruling." *Calvin B. v. Brittany B.*, 232 Ariz. 292, 296, ¶ 17 (App. 2013).

[3] The superior court also terminated Mother's parental rights to the children. Mother is not a party to this appeal.

provide for the children's basic needs. The superior court eventually adjudicated the children dependent after Father pled no contest to the petition. Father relapsed after completing his treatment program and abused alcohol for the next twenty-two months.

**¶4**      Meanwhile, DCS referred Father for substance-abuse testing and treatment, two parent aides with visitation, and a family support partner. He refused to participate in substance-abuse treatment and the family support partner. He minimally participated in substance-abuse testing and the parent-aide service. Furthermore, he showed up intoxicated to a few visits and frequently missed them altogether.

**¶5**      In October 2020, while the dependency proceedings were pending, Father was charged with aggravated driving under the influence of alcohol.[4] In summer 2021, Father pled guilty to his fifth conviction for driving under the influence of alcohol and was sentenced to four months of incarceration and three years of probation. Still, he continued abusing alcohol through the end of 2021. Around this time, the children's guardian ad litem moved to terminate Father's parental rights under the chronic substance-abuse and nine-month and fifteen-month out-of-home placement grounds. *See* A.R.S. § 8-533(B)(3), (8)(a), (c).

**¶6**      In 2022, as a mandatory term of probation, Father completed an intensive outpatient substance-abuse program through his own provider. He also regularly attended twelve-step meetings and obtained a sponsor. In June, Father was incarcerated pursuant to his plea. After a trial, the superior court terminated Father's parental rights on the grounds alleged. Father appealed. This court has jurisdiction pursuant to A.R.S. § 8-235(A).

## DISCUSSION

**¶7**      Father argues that insufficient evidence supports the superior court's finding under the nine-month out-of-home placement ground that he substantially neglected or willfully refused to remedy the circumstances that caused the children to be in an out-of-home placement. *See* A.R.S. § 8-533(B)(8)(a). A parent's right to custody and control of his own child, while fundamental, is not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248-49, ¶¶ 11-12 (2000). Termination of a parental relationship may be warranted where the State proves at least one statutory ground under A.R.S. § 8-533 by "clear and convincing evidence." *Id.* at 249, ¶ 12. Clear

---

[4]      Father testified the charges were dismissed.

and convincing means the grounds for termination are "highly probable or reasonably certain." *Kent K. v. Bobby M.*, 210 Ariz. 279, 284-85, ¶ 25 (2005) (quoting *Santosky v. Kramer*, 455 U.S. 745, 577 (1982)) (internal quotation marks omitted). The court must also find termination is in the child's best interests by a preponderance of the evidence. *Kent K.*, 210 Ariz. at 285, ¶ 29.

¶8        This court "will accept the juvenile court's findings of fact unless no reasonable evidence supports those findings" and will affirm a termination order unless it is clearly erroneous. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002). This court does not reweigh the evidence but "look[s] only to determine if there is evidence to sustain the court's ruling." *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).

¶9        The juvenile court may terminate parental rights under A.R.S. § 8-533(B)(8)(a) if DCS "has made a diligent effort to provide appropriate reunification services" and the child "has been in an out-of-home placement for a cumulative total period of nine months or longer pursuant to court order . . . and the parent has substantially neglected or willfully refused to remedy the circumstances that cause the child to be in an out-of-home placement." The focus of the nine-month ground is on "the level of the parent's effort to cure the circumstances rather than the parent's success in actually doing so." *Marina P. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 326, 329, ¶ 20 (App. 2007).

¶10        Here, the court found "Father has failed to test through PSI and demonstrate a prolonged period of sobriety through consistent, negative and non-missed drug testing." Reasonable evidence supports this finding.

¶11        Father has a twenty-nine-year history of substance abuse that includes multiple arrests for driving under the influence and previous failed attempts to remain sober. For twenty-two months of the dependency, Father continued to abuse alcohol; minimally participated in drug and alcohol testing, the parent-aide service, and visitation; and refused all other services from DCS.

¶12        Nonetheless, Father contends he made sufficient efforts to remedy the circumstances because he had achieved six-and-one-half months of sobriety by the time of trial. The superior court considered his recent efforts but found although "he has been sober for some months," his sobriety was "only [achieved] with the specter of incarceration and treatment ordered by the criminal court hanging over him." Father

"continued to fixate on whether [alcohol testing] was court ordered or whether DUI charges were filed rather than the fact that he continued to abuse alcohol." And although sober, Father was "still more than a year away from being able to fulfill caregiving responsibilities if his sobriety holds."

¶13            Indeed, as a term of his probation, Father completed an intensive outpatient treatment program two months before trial, and he testified he had remained sober since December 30, 2021. Notwithstanding his claim, he submitted only two alcohol and drug tests between January and July 2022. Thus, his compliance with alcohol and drug testing in the six months leading up to trial was less than 0.1%, which clearly amounts to substantial neglect. *See Maricopa Cnty. Juv. Action No. JS-501568*, 177 Ariz. 571, 576 (App. 1994) ("[W]hen a [parent] . . . makes only sporadic, aborted attempts to remedy" such circumstances, "a trial court is well within its discretion in finding substantial neglect and terminating parental rights on that basis . . . ."). As the case manager testified, such minimal compliance leaves no way to gauge the progress of Father's sobriety, and regardless, he needed to demonstrate prolonged sobriety, employment, and housing stability outside of a structured setting, which could take up to a year after his incarceration. *Id.* ("Termination is not limited to those who have *completely* neglected or willfully refused to remedy such circumstances.").

¶14            Because reasonable evidence supports the court's determination that Father substantially neglected or willfully refused to remedy the circumstances causing the children's out-of-home placement, we will not reweigh that determination on appeal. *See Jesus M.*, 203 Ariz. at 282, ¶ 12 ("The resolution of such conflicts in the evidence is uniquely the province of the juvenile court as the trier of fact; we do not re-weigh the evidence on review.").

¶15            The record contains sufficient evidence to support the court's termination order based on the nine-month out-of-home placement ground DCS asserted, and the best interests findings. *See Michael J.*, 196 Ariz. at 248-49, ¶ 12 (termination of a parental relationship may be warranted where the court finds at least one § 8-533 statutory ground for termination by clear and convincing evidence); *Kent K.*, 210 Ariz. at 284, ¶ 22 (the court must also find termination is in the child's best interests by a preponderance of the evidence). Therefore, we need not address further Father's challenges to the termination under the chronic substance-abuse and fifteen-month out-of-home placement grounds.

**CONCLUSION**

¶16   For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA